## CAROLINE BULLION *v.* THE STATE.

1. OBSTRUCTING RAILROAD TRACK. — To warrant a conviction, under art. 678, Rev. Penal Code, for placing an obstruction on a railroad track, the evidence must show that the obstruction was such as might have endangered human life, — which is the gist of the offence. This is not proved by evidence that the defendant placed across a railroad track a piece of iron bar which the witness was unable to remove with his foot, but did remove with his hands.

2. SAME — EVIDENCE. — The State proved the obstruction to have been a piece of railroad-iron, six or eight feet in length, put across a track, and that it was removed before any train passed. To show that human life might have been endangered thereby, the State could and should have proved whether it was on a level or an embankment, the main track or a switch, and the usual speed of trains thereat.

APPEAL from the District Court of Dallas. Tried below before the Hon. G. L. ALDREDGE.

The offence charged being a felony punishable by the penitentiary not less than two nor more than seven years, the jury assessed the appellant's term at three years.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.  The prosecution in this case was had under provisions of art. 2342, Pasc. Dig. (Rev. Penal Code, art. 678), as follows: "If any person shall wilfully place any obstruction upon the track of any railroad, or remove any rail therefrom, or in any other way injure such road, or shall do any damage to any railroad or car, whereby the life of any person might be endangered, he shall be punished by imprisonment in the penitentiary not less than two nor more than seven years."

As presented in the record, we are not satisfied with the sufficiency of the evidence to sustain the conviction. Even if the statements made by the principal witness for the prosecution, as far as they go, be true, he does not state how the obstruction which he says defendant placed upon the railroad track, might or would have endangered human life. This was the gist of the offence charged. If the obstruction was sufficient to throw a passing train, or any part of it, from the track, the prosecution should at least have attempted to show that fact. The witness leaves this fact a matter entirely of inference, and we cannot say that such inference is necessarily inevitable from the facts deposed to by him, viz.: "I tried to throw the piece of railroad bar-iron off the track with my foot, but could not do it, and had to take my hands. One end of the iron bar was fastened under the rail on the north side, and rested on the rail on the south side of the railroad track." A bar of iron which he could not move with his foot, and had to move with his hands, might prove no obstruction whatever to a railroad train in motion.

The evidence further shows that the obstruction was placed upon a track of the Texas and Pacific Railroad, in the city of Dallas and not far from the Union Depot. But it

does not state whether it was upon a main track or a switch; nor at what speed cars were accustomed to move in passing the point of obstruction.; nor are the track surroundings described, — that is, whether the track at the point in question was on level ground or upon an embankment. These facts were all susceptible of proof, and, in the absence of better evidence, were essential to show how human life was endangered.

When better and more certain proof can be had, mere inferences should not be indulged to deprive an individual of liberty. The State should establish by the best evidence every fact which is necessary to be established to warrant a conviction.

*Reversed and dismissed.*